We're going to hear on Brunson v. Stein, and Ms. Franklin, we'll hear from you first. I should make clear that we're hearing oral argument today on the issue that we appointed you for and that we are leaving open the appeal to allow Mr. Brunson to file additional issues that he may wish, and the defendants can respond to that. So this would be an argument on a part of the case. Thank you, Your Honor. May I proceed? Yeah, please. Good morning, and may it please the court. My name is Jennifer Franklin, and I represent Jonathan Brunson, the appellant in this case. This court asked us to brief and argue specifically the issue as to whether a dismissal pursuant to Heck v. Humphrey counts as a strike under Section 1915G of the Prisoner Litigation Reform Act. We argue that the court should find or should hold that it is not a strike under the Prisoner Litigation Reform Act for two main reasons. First, a dismissal pursuant to Heck v. Humphrey is not a dismissal for failure to state a claim for a case being frivolous or malicious, and second, because it is merely a pause, a judicially crafted pause in the litigation. As to my first point- Ms. Franklin, can I ask you about the rule you're asking us to adopt? Are you asking us to adopt a rule that a Heck dismissal is never a strike, or are you asking us to adopt what I understand to be the Second and Ninth Circuit's holdings that it is sometimes but not always a strike? Which of the two are you asking us to hold? Your Honor, I think technically if the court were to find that a prisoner had failed to state a claim, which means that the underlying constitutional violation, one of the elements had been left out, or if the court- That would be a Heck dismissal. That would be dismissal under 12b-6. Well, exactly. Exactly. But I mean, I guess the Second Circuit just issued a decision, which you helpfully brought to our attention, but they say very clearly, we hold that Heck dismissals aren't always a strike, but they sometimes are. Is that the rule you're asking us to adopt, or are you asking us to adopt a rule that says Heck dismissals are never a strike? Your Honor, that's a difficult question to answer, and let me explain why. From the court's perspective, it might seem that it's fairly easy, but from the prisoner's perspective, oftentimes they don't necessarily know whether the underlying constitutional violation is one that is going to call into question the validity of their conviction or sentence. Now, if they plead it so that it is absolutely abundantly clear that they, one, know that it calls into question the validity of their sentence and that they know that they need to obtain a favorable ruling but have not done so, then yes, I believe in that instance, it would be so blatant on the face of the pleadings that a court could theoretically dismiss pursuant to Heck v. Humphrey and have another court later count it as a strike. So in principle, yes, but as a practical matter, almost never? Yes. You're sort of suggesting that it would be handled like an exhaustion issue, that we give them a chance to rectify it or what is, I don't quite understand why it isn't a failure to state a claim. Well, first, the Heck v. Humphrey requirement isn't an element of Section 1983. Section 1983 only requires proof of the underlying constitutional violation and that it was conducted by a... What do you do with Heck's language that calls it an element? Well, Heck, when the court referred to it as an element, most of the time, and forgive me if I do misstate, but when I searched and looked for the words element in there, generally speaking, the court was referencing malicious prosecution. Malicious prosecution has always had as an element failure to state a claim. So you suggest that we read Heck when it calls it an element and it says that this element, the favorable termination, is required to be proven by the plaintiff, pled and proven by the plaintiff. But they didn't say pled and proven. Just proven. Proven by the plaintiff. That we just say it's not an element here, it's something else? Like what is, if it's not an element, what is it? It is a judicial pause in the litigation. It's a judicially crafted... That's just an exhaustion notion that it could be revived and... Well, it could be once the... Well, except the Supreme Court in Heck said we do not engraft an exhaustion requirement upon Section 1983 but rather deny the existence of a cause of action. Sort of at the basis, right? And it doesn't pause it, right? It dismisses it. Everybody agrees that it's not called a Heck pause, right? It's not a Heck abeyance. It's called a Heck dismissal because, in fact, what the court does is enter an order dismissing the action. Yes. If the court will indulge me, I think it's best described by what the United States Supreme Court did in Wallace v. Cato. In that instance, the court recognized that the constitutional violation arose the minute the false arrest took place. But the court said that was not a Heck case. That seems like an odd one to point to because that was not a Heck dismissal, right? Because the court said... Right. But what the court described... So that wouldn't be a Heck dismissal, right? We wouldn't end up in a world in Wallace... The circumstances of Wallace would not lead to a Heck dismissal, right? Exactly. But what the court said in Wallace was what they suggested was that the plaintiff filed the claim because it had accrued the minute the constitutional violation took place. That the civil court... That's unlike the cases that came... Unlike Heck, where it did not accrue at that time. Yes, but the court recognized that Heck might come into play. If, during the criminal proceedings, the plaintiff is convicted, what the court said the district court should do at that point in time is then dismiss it pursuant to Heck v. Humphrey. And what that brings about is you have a claim where all of the elements have been met, but a later event would create another element. And that's just not generally how elements work. The element is either a part of the claim at the very beginning, but if it's something that we're going to add later... I think the Second Circuit said it best yesterday. If you think it's not an element, do you think it's jurisdictional? No. You agree. I just want to make sure I understand. It's not jurisdictional. No, it's not jurisdictional. And it's not an element. What do you think it is? I think it's a judicially crafted pause. But the difference between a stay, for instance, is what the court in Wallace was discussing, and dismissing without prejudice to their ability to bring again, is that there'd be thousands of cases on stay if the court did that. So it really is a matter of judicially crafted traffic control, and many times it isn't until the court looks at the underlying constitutional violation... All claims are taken in the context of the time they are filed, and elements can arise and disappear in various types of claims for various reasons, but it's very hard to ignore the court's own characterization of what it was doing in HECT. And it seems to me it was trying to address this notion that it was not an exhaustion type of thing where you wait to see if it's going to happen. It basically says you don't have a cause of action, and I thought failure to state a claim is just that, is the sufficiency of the claim, sufficiency of the complaint on its allegations. And if you don't have an element, and they called it an element... I understand, Your Honor. I understand your argument, too. It's just it's hard to write something like that in the face of how the court is directing that. We can't understand HECT. Your Honor, I would, from a practical perspective, I would point the court's attention to cases like Wallace and cases like Smith v. Travel Peace where litigants who have had a valid cause of action that accrued the minute that it happened but understood that they were under process and believed that they couldn't raise it because they would need to have a favorable termination and then lost their claims. And so, right, for a prisoner to file a claim, to have the court tell them that, yes... They lost their claims. Because the statute of limitations was deemed to have run because HECT didn't apply. In those instances, the litigants all... Do you think a statute of limitations dismissal is a 1915 dismissal for failure to state a claim on which relief may be granted? No. You think it is not? Right. What do you do with the Supreme Court's discussion in Jones from 2007 where they said... I'll quote it if it helps, but... Where they said that if the allegations, for example, show that relief is barred by the apical statute of limitations, the complaint is subject to dismissal for failure to state a claim. Well, then I stand corrected. But at the same time, the court said... But the problem with that is that your argument in your brief is all about there's no decision on the merits. Right, there is no decision on the merits. But there's no decision on the merits in a statute of limitations case either. And the Supreme Court, in addressing the PLRA, admittedly a slightly different issue, right? But it makes very clear that the dismissal for statute of limitations is a failure to state a claim, which makes sense. It's always brought as a 12b-6. We would think naturally a dismissal for failure to state a claim under the statute of limitations falls there. But that's obviously not on the merits. That's a timing concern. You're raising a timing concern. You want to call it a pause. The court calls it a dismissal, which maybe makes a little bit of a difference here. So what do I do with that? Why is this different from a statute of limitations dismissal? I would have two responses to that. First, the court demonstrated there in Jones, right, that it could have called it a failure to state a claim. It could have said that the court should dismiss it for failure to state a claim when it decided heck, and it didn't. It's had many opportunities to consider heck since then. Heck before the PLRA? Hmm? Isn't heck from before the PLRA? Yes, but they could have used the precise language of the PLRA, but the PLRA hadn't been enacted yet. Right, but they still could have called it whatever the equivalent of a failure to state a claim was at the time, and they didn't do it, and they've had the opportunity since then. But they also recognize... We don't actually have the 1915G language. Failure to state a claim upon which relief may be granted is unique to 1915G, right? Yes. 12b-6 has a similar one, but it says can be granted. I'm not sure there's really a difference there, but bracket it. It seems odd to say we should infer from heck's failure to guess that maybe 1915G was going to be relevant at some time in the future. I mean, that's an odd idea, right? No, but at the same time, right, relief may be granted, right? The underlying... Not in this case. Not at this time. Not in this case because we're going to dismiss this case. Not this claim. It's dismissed. But it's dismissed without prejudice to their ability to bring it again. But we know the Supreme Court has been pretty clear of the fact that it's a dismissal without prejudice. Doesn't necessarily mean... Doesn't matter, right? Right, exactly that. But at the same time, in that case, too, the Supreme Court recognized this circuit split in that footnote and wants to resolve this issue. The Supreme Court sometimes doesn't decide questions that are not before it, right? That shouldn't surprise us. I understand that. Yes, absolutely. Can I ask you why this strikes me as deeply weird to call a pause? Because every other pause I can think about might end. And this pause, as a descriptive matter, never ends most of the time, right? Can we take this as a given that the vast, vast, vast majority of prisoners who bring claims that are barred by HEC never succeed in demonstrating the invalidity of their underlying conviction? I mean, that's absolutely true, but that's deciding the issue before it's occurred. No, but I'm just not sure that that's right. So let me give you this... I mean, like, so PLRA exhaustion is something I can fix. EDPA exhaustion is something I can fix. Virtually every type of exhaustion I can think of is something I can fix. This is a type of exhaustion that the prisoner, as a practical matter, is almost never going to fix. But sometimes they can fix it, and as... Okay, but let me give you this example. So the example is this. The person, they do everything. They bring a direct appeal. They bring state collateral review. They bring federal habeas. They bring second and successive federal habeas. They bring every single thing they possibly... They seek authorization to file a successive federal habeas petition. That is denied. They are out of options for any mean to challenge their conviction at this point, right? And then they try to bring a lawsuit that necessarily implies the validity of their conviction. They get dismissed under HEC, right? They would get dismissed. Even though they've exhausted... In every conceivable sense, there is no mechanism left to them to challenge the validity of their conviction and sentence. They are still barred by HEC versus Humphrey, right? That's what the United States... How is that an exhaustion requirement? Because you could possibly have newly discovered evidence, right? Exactly. So they're not actually out of options. Right, exactly. They might be practical. I mean, totally take the point, right? They're practically out of options. Right, but as Earl Washington demonstrated, decades after their conviction, they could be exonerated by DNA evidence, by evidence that demonstrated that they were actually innocent. What if they've been released from confinement? They can't get habeas anymore. But doesn't their cause of action run then? Let's say they get a quorum nobis later because they were wrongfully convicted. Isn't that when their HEC claim can rise? I mean, isn't this... That... I don't understand how this benefits you at all. This is not a pause notion. It's when the cause of action exists. Well, it benefits... And when they allege a complaint, where at the point in time where it's alleged it doesn't exist, you dismiss because you don't have a claim. Your Honor, the benefit to the petitioner or to the appellant in this is that if he were to successfully have his conviction overturned, not having that strike against him, maybe the difference between an indigent person being able to have access to justice to seek that civil remedy or not. And if the court is acceptable, I will reserve the remainder of my time. Let me... We didn't ask you to brief this or look this, but... I hate to raise this because it may suggest that we're... He doesn't really hate to raise it. No, it's fine. I've looked at the five convictions, and it looks like at least three of them may satisfy failure in the state of claim. But three of them are dismissed specifically and solely pursuant to HEC v. Humphrey. So only if this court finds that HEC v. Humphrey. Weren't there alternative... In two of them, there were... One was a mix, HEC and another, and the other one was. But if the court holds that HEC v. Humphrey does not constitute a strike, then those three, at least those three, will be reversed, and that will leave him with two. Okay, I would like to look at that again, yeah. Okay, thank you for your help. Thank you. All right. Let's hear from... I'm going to mess this up. Nira Shimom. No, it's not even close. Very close. Thank you. I apologize. May it please the court, my name is Sripriya Narasimhan, and I represent the state defendants in this matter. You know, you went over your last name so fast that I would have never picked up any distinction. It's Narasimhan. Narasimhan, thank you. Thank you very much for your attention to that. The district court, joining six of eight circuits to consider this issue, held that a HEC dismissal is a dismissal for failure to state a claim for purposes of the PLRA. The district court was correct for two principal reasons. Number one, HEC itself characterizes a dismissal for failure to prove favorable termination as one for failure to state a claim. And two, the reasoning in HEC leads to the inescapable conclusion that failure to show favorable termination is a failure to prove an essential element of a prisoner 1983 claim. And we've talked a little bit about HEC's own characterization, so I'll skip now to the reasoning. Can you respond, though? Her response seems like a reasonable one. The court does in HEC refer to element, but it's doing so only in the context of the analogy to a malicious prosecution claim under common law, right? And so it refers to as an element there. It then does incorporate that thing into the 1983 context, but it never says that it's incorporating it as an element, right? Yes. But I think that within that framework, the Supreme Court derived the favorable termination requirement as an element, and I'd be happy to explain why. So we all understand that Section 1983 only provides a cause of action. It does not provide the underlying substance of the legal claim. And the rules that govern the most analogous common law tort establish the elements and the accrual rules for the 1983 claim. And this is true for even non-prisoner cases. So what the Supreme Court in HEC did was it applied the framework of identifying malicious prosecution, as you noted, Your Honor, as a tort most analogous to Mr. HEC's particular 1983 claims. But the court went beyond that. And in HEC, it specifically extended the application of favorable termination as a requirement not just to prisoner 1983 actions that are most analogous to malicious prosecution, but to any lawsuits, quote, for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid. In doing so, the court made favorable termination an element of all prisoner 1983 claims. And in fact, with... No, that's not... We know that's not true because of Wallace, right? We know that's not true because of, whatever, Smith v. Travel Peace, right? I mean, that seems like an overstatement. You get a long way, but then you, like, to say it's an element of everyone seems wrong. I should clarify that there's an initial test where if a prisoner 1983 claim challenges the validity of an underlying conviction... Might implicate all of those, but not every prisoner 1983 case. Understood, understood. So I think the best way to think about a prisoner 1983 claim is a two-step process in identifying the elements. The first step is to, of course, look to the most analogous common-law tort. And the second step is to do a test to see if prevailing on the 1983 claim would challenge an underlying conviction. And if so, then add the element of favorable termination. And in that way, these types of prisoner 1983 claims are a special kind of version of the 1983 claims where the most analogous common-law tort includes a favorable termination element. And I think that that test is consistently used, even if not phrased in that certain way. Why wouldn't... Why do you... So, I totally get you. But couldn't we just as easily sort of conceptualize it as an affirmative defense? Right? Most circuits seem to have done this, the ninth, the third, maybe the fifth. It's not an element, per se, because there's sort of this preliminary inquiry, as you sort of indicated. We've got to ask this first question. And that sort of makes it feel more like an affirmative defense than an element that must be plaid. Right? Elements of offenses must be plaid. The court seems to say it only needs to be proven here. Maybe that's slicing things thin, I acknowledge. But why wouldn't we think about it instead like an affirmative defense that if you call into question the conviction, then it's eligible to be defended by saying, heck, it's going to kick this. So I would like to respond to that in two different ways. The first is to just acknowledge up front that I don't think for purposes of our case or assessing whether a HECDIS missile counts as a strike for purposes of the PLRA, it matters whether it's an affirmative defense or an element. That rarely slows us down. But I'm happy to address the substance of your question as well. And that is that the language of heck, as Your Honors pointed out in response to my friend's argument, sounds in the elements of a complaint. The fact that without favorable termination, a claim is not cognizable. And without favorable termination, a plaintiff is not... Well, the court said it explicitly. I mean, I don't quite know what the explanation... Maybe I should be asking your colleague this, but the court said a Section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a termination or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to the conviction or sentence that has not been so validated is not cognizable under Section 1983. That's pretty strong. Not cognizable suggests the failure to state a claim. And failure to state a claim means the elements have not been alleged. And they say what the element that you must prove. It's slicing it very thin to suggest that because element initially discussed related to the tort, it somehow dropped out when it got into a violation of Section 1983. I agree. I know you agree. I agree. Since I know you agree to that, you could change those words around and put statute of limitations in there, right? Like a plaintiff must prove that they brought their claim within the statute of limitations. That doesn't mean it's not required of the plaintiff. The question is, is an element or an affirmative defense is separate from whether the plaintiff must prove it. Sure. I think that, as Your Honor mentioned, Jones gives us a little bit of insight into that sort of fine slicing. And I think where Jones comes out is it doesn't matter for our purposes because we all end up in the same place anyway. But I do think that the passage that you pointed out earlier makes it easier to, you know, have heck be read in a congruous way if we read it as an element rather than... Can I say, I think a dismissal under federal of civil procedure 12C is a dismissal for failure to state a claim. I think it would depend on the basis of the 12C dismissal, right? Because 12C dismissals can cover sort of a wide range of, you know, issues even relating to jurisdiction. OK, let me ask you another CivPro question. Do you think that a person can state a claim before all elements of the claim are satisfied? Like, is it possible to bring a valid lawsuit that states... Well, you can't bring a lawsuit that doesn't state a claim. Is it possible to state a claim before all the elements are present? I think not. Then why isn't Owens a gigantic problem for you? Because Owens in footnote 2 says that you can bring a lawsuit before heck is satisfied. And if heck is an element, I don't understand how you can do that. Because I don't understand how you can bring a lawsuit when you don't yet satisfy all the elements of your claim. I think the way we read Owens is that it is about sort of an edge case of the interstitial time between when a plaintiff can bring a 1983 claim because the injury has occurred and the plaintiff's aware of it and when there is actually a conviction on the books. So the time where, for example, the person is a criminal defendant and is pursuing the trial in that space, heck wouldn't necessarily be a bar because there is actually no conviction. Imply the invalidity of? Exactly. So that is, I think, the way I read Owens is to discuss that sort of interstitial space in time. So you would read Owens to say, so let's say I'm arrested, I'm charged, I think that was super unconstitutional. So, although then I have a younger problem, right? I can't bring like a 1983 litigation while my criminal case is pending against me. And I think that's exactly what the court in heck was sort of foreseeing. I believe it was in footnote 10 where the court responded to that and said, we're not going to say anything about how abstention principles are involved, but that is definitely something that the court... I'm just trying to get this right. So I'm arrested in what I think is a completely BS, made up arrest, violates the Constitution in lots of ways. I guess I can, before criminal charges are initiated, I can bring a 1983 lawsuit. Once criminal charges are initiated, but before I'm convicted, I guess I can bring a lawsuit. I guess it's not barred by heck, but it's barred by younger. The minute I'm convicted, it's barred by heck. And then I get exonerated and then I can bring it. I guess I'm just having... I'm now having a hard time understanding why Owens thinks that you can do this, because I don't see when this window, when you're allowed to bring this lawsuit is. I think it is because, you know, whether or not the claim is barred by younger or whether or not a district court decides to abstain. I think that in Wallace, the court instructs lower courts to stay the 1983 claim, you know, in case the statute of limitations runs, for example, to stay the 1983 claim. But it can't run, because it doesn't accrue until favorable termination happens. There is no... It's not going to run. Well, until there's a conviction, though, there's nothing... So I'm stuck in this, like, limbo. Right. Okay, so I'm prosecuted. The prosecution drags on for years and years and years, and then finally I'm acquitted. And then I'm screwed, because now my 1983 action's time-barred? That... That's the risk that Owens is responding to. That's the risk that Owens is responding to. And that is exactly what the court in Wallace addressed, which is we advise courts to stay that 1983 claim pending whatever outcome, you know, exists out of the underlying conviction. And, you know, if you're acquitted, then there's no heck bar, and you can proceed in the 1983 claim. But if not, the heck bar kicks in, and you no longer have stayed at all the elements of the claim. If I can just go back to your 12C question, and, you know, whether all the elements of the claim have to come together before you can bring... before you can bring the claim. I think the answer lies in the Supreme Court's direction in Green v. Brennan, where it said that there is no complete and present cause of action until all the elements have come together. And because favorable termination, we believe, is an element of the underlying 1983 claim, you could not bring that claim until all the elements come together, and there's no present... complete and present cause of action until then. But how do I square that with Owens, which seems to say I can bring the claim before all those elements come together? By the time... So I think what the Owens court said was that by the time all of those elements came together, there was no underlying conviction, and so you can bring that claim. But, as we discussed, you know, you run into some timing and threshold problems once there is an underlying conviction, if there is an underlying conviction. Can I ask another, like, maybe irrelevant question? So what... Imagine for a minute that I thought the discussion of hack as imposing an element was wrong, and, in fact, what hack really was was an extension of ex parte royal from the 1880s and is effectively a form of abstention that requires the dismissal of these types of suits. If I sort of conceptualized hack that way, would that matter here? I'm not asking you to address whether that theory is right. I'm just saying hypothesize for a minute that there is a theory that hack ought to be thought of, whatever the language of hack, as effectively a form of ex parte royal abstention. And if that was true, would that matter? I think it would depend on the basis of the dismissal under any abstention grounds. So some abstention grounds can be jurisdictional, and so if a case were dismissed under those grounds, I think that... Right, but we wouldn't... So, all right, so... Perfect. So it would turn on whether we thought that ex parte royal slash hack abstention was jurisdictional. If it's non-jurisdictional, it wouldn't matter. But if, for some reason, we thought it was jurisdictional, then it might matter, because it looked like a 12B1, not a 12B6. Exactly. That's exactly right. But I also just want to note that the court in hack discouraged us from thinking about hack as an abstention problem, and, in fact, held that out reserved judgment on whether and how abstention principles would marry with the hack. Well, although what it suggested... Okay. Yeah, I don't want to waste your time with talking about whether, like, that theory works or not. I just wondered whether it mattered. I would be remiss if I didn't respond to that theory. No, no, totally fair, totally fair. You know, we didn't have a whole lot of opportunity to talk about the Second Circuit opinion in Cotton that came out yesterday. I did want to... Or that came to the court's attention yesterday. I just want to address Judge Niemeyer's question of my friend about exhaustion and, you know, whether this actually sounds an exhaustion or not. And it seems very clear that hack is not an exhaustion or is not akin to PLRA exhaustion, both for the reason that Judge Niemeyer pointed out, which is that hack was very clear that it was not engrafting an exhaustion requirement onto 1983 claims, but also the PLRA treats exhaustion differently than the hack bar. And, you know, as we've discussed, sort of the default rule is that when claims are dismissed under Rule 12, those claims that are not dismissed for reasons 1 through 5 and 7 are by default dismissed under 12b-6. And under normal circumstances, a failure to exhaust should be a 12b-6 dismissal. But Congress specifically distinguished exhaustion from failure to state a claim for purposes of the PLRA. And in Section 1997 EC, Congress specifically stated that courts can dismiss claims that are frivolous, malicious, or failed to state a claim without first requiring exhaustion of remedies. So this shows that Congress views exhaustion differently than other grounds for failure to state a claim, but that's just for purposes of the PLRA. Congress made no such distinction in hack. The Supreme Court decided hack in 1994, and that was operating in the background when Congress passed the PLRA and overhauled the way prison litigation is conducted. If Congress had meant to include hack dismissals as a carve-out of the failure to state a claim in 1997 EC, as it had done for exhaustion, it could have said so. So we should assume that the background rules relating to what counts as a dismissal for a failure to state a claim apply, and hack falls within 12b-6's ambit. Do you think that 1915G's language, failure to state a claim, is a reference to Rule 12b-6? I do. I do. And in that way we differ slightly from Judge Walker's dissenting opinion from the Second Circuit, but we think that the difference between may and can is hard to see. Okay. Thank you. If there are no further questions, I hate to leave time on the table, but if there are no further questions... We don't mind you leaving time on the table. We don't see a reason for this court to steer away from the Supreme Court's instruction in Heck to treat favorable termination as an element of a 1983 claim, and we urge the court to affirm. Thank you. All right, Ms. Franklin. Your Honors, in the paragraph where Heck discusses that in order to recover damages, the plaintiffs have to demonstrate the favorable termination, the court also says plainly, thus when a state prisoner seeks damages to a Section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. That gives the district court the opportunity to make that call, and if the plaintiff has to file the claim so the district court can make that call and put the onus on the defendant at that time to demonstrate favorable termination, it can't be an element in the first place, and it certainly shouldn't count as a strike against the plaintiff who would, at obtaining favorable termination... Let me ask you, I hear what you're saying, and it seems to me you could analyze any tort type of thing that has elements in that fashion, and the question is if you don't have an allegation that there was a favorable termination, it basically comes down to what Heck prohibited, as you're challenging collaterally, you're challenging the criminal judgment, and it seems to me, Heck says the only way we have a cause of action is if that allegation can be made, and you're suggesting, well, that really falls, because of this language, the way it's couched, falls on the burden on the defendant, and it's an affirmative defense, not part of the claim, but I have that conceptually hard to grasp that. Your Honor, if a police officer bursts into your house and violates the Fourth Amendment and in the process manages to obtain evidence, and you were ultimately convicted because perhaps there were other avenues through which that evidence could have been admitted, you still have had no less of a Fourth Amendment violation than you would have had had the evidence been relied on specifically as related to, but even if, that conviction would need to be overturned, but it doesn't change the fact that that Fourth Amendment violation took place in the first, or happened in the first place, and that it was done by a state actor. All the elements of the violation already occurred. Exactly, and the claim is right. All the elements of the Heck claim have not occurred. But the claim is a Section 1983 claim. It's only a Heck claim once the court makes the determination that a favorable outcome would necessarily invalidate the criminal conviction or sentence, and so the Second Circuit, I think, said it best when they made the distinction between a... It says here that the Section 1983 plaintiff must prove that the conviction or sentence had been reversed. Yes, but it also says right after that that the district court, having determined that the underlying constitutional claim would invalidate the conviction or sentence, and there's a difference between the constitutional ripeness, which would have made it a jurisdictional issue, and what the Second Circuit terms as a prudential ripeness, that the court is just merely... And Heck was merely trying to avoid an intersection between the civil litigation and the criminal litigation. It's a judicially constructed traffic control, but it puts the plaintiffs in a position where they have to raise their claims in the first place in order to preserve them, that the court could, if the litigation had not yet resulted in a conviction against them, stay that litigation until they obtain the conviction and then dismiss it pursuant to Heck v. Humphrey, but it doesn't create a bar, and for these reasons, this court should reverse. Thank you. Ms. Franklin, we'll come down and greet counsel, but before we come down, I'd like to recognize that you were court-appointed and you've served well, and I understand all the other nuances we have in your representation. It's very much appreciated, and you did a great job. We'll come down and greet counsel. You did, too. I'm not overlooking you. The Honorable Court stands adjourned until tomorrow morning. God save the United States and the Honorable Court. Thank you.
judges: Paul V. Niemeyer, Julius N. Richardson, Toby J. Heytens